No. 572
SURMAN v. SURMAN
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5734. Decided May 11, 1925.

38. ADOPTION—1. Adopted children have equal rights of inheritance with natural children.

2. Under holding of courts "adopted child" means "natura lchild" unless otherwise indicated.

1271. WILLS—Testator having executed a will, having no children at the time, who subsequently has a child living, or born alive after his death; such will shall be revoked.

YOUNG, J.

Elizabeth Surman executed her last will and testament on Jan. 1, 1912. On Sept. 7, 1916 she and her husband, Frank E. Surman, adopted a minor, Frank Surman, as their son. Mrs. Surman died in 1923 and her will was admitted to probate under which the husband was named sole legatee and devisee, and was appointed administrator.

Frank H. Surman, the adopted son, brought an action in the Cuyahoga Common Pleas to contest the will of Elizabeth Surman; and by direction of the court the jury brought in a verdict for him, finding that the instrument purporting to be the last will and testament of Elizabeth Surman was not her last will and testament. Judgment was rendered on the verdict and the husband's motion for a new trial was overruled.

Error was prosecuted and the husband contended that Frank, being a nadopted child, was not entitled to any part of the estate, for the reason that he does not stand in the same relation as a child of natural parents. The Court of Appeals held:

1. Under the adopting statute, 8029 GC., the following is found—"and declaring that from that date, to all legal intents and purposes such child is the child of the petitioner." And in 8030 GC.—"Such child shall be the child and legal heir of the persons so adopting him or her, entitled to all the obligations of a child of such person begotten in lawful wedlock." Kroff v. Amrhein et, 94 OS. 282.

2. If the parents had at the time of the adoption, natural children who survived them or had children born to them after the adoption who survived them, the adopted child would be a co-heir with such natural children with like and equal powers of inheritance from the adopting parents.

3. Under the holding of the courts the term "adopted child" unless otherwise indicated means "natural child."

4. In the instant case, the testatrix having no children at the time of executing the will, but afterwards having a child living, namely Frank, the adopted child, the case comes clearly within 10561 GC. which provides: "If testator had no children at the time of executing his will, but afterwards has a child living or born alive after his death, such will shall be revoked."

Judgment of lower court affirmed.

Attorneys—L. Z. Tanney and Joseph Lustig for Frank Surman; Bartholmew, Leeper & McGill for Frank Surman; all of Cleveland.

---

No. 573
HIGGINS v. BUILDERS SUP. & FUEL CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5824. Decided May 8, 1925.
Judges Richards, Williams and Young; 6th District, sitting.

755. MECHANICS LIEN—Where material is used to make a repair on a house after original contract has been completed; repair material not construed as being upon the original contract and lien therefor not good.

WILLIAMS, J.

This case was appealed from the judgment in the Cuyahoga Common Pleas. It seems that Lester Weisman owned land in Cleveland Heights and entered into a contract with William Davidson Co. to construct a house thereon. The company completed the contract procuring a large amount of lumber and supplies from the Builders Supply & Fuel Co. Weisman sold the property to Harry Higgins, April 12, 1923 and he moved in May 17, 1923.

The Builders Supply & Fuel Co. claimed to have furnished a small amount of material to repair a broken pulley style in the window of the house, and on Oct. 2, 1923 filed a mechanic's lien, such filing being within 60 days after furnishing of the material for the pulley. The Court of Appeals held:

1. In furnishing for the material for the pulley style was upon the original contract, the Supply Co. would have a good lien. If it was not, it would not.

2. The evidence shows that material for the pulley style was not furnished upon the original contract and the Supply Co. had already, at the time such pulley style material was furnished, lost its lien.

3. The material was furnished, merely to make a repair upon a house that had a long time previously been fully completed, and upon a new and separate contract.

Higgins will be granted the relief prayed for and his title quieted.

Attorneys—Ulmer & Berne, for Higgins; Friedman & Bloom for Supply Co.; all of Cleveland.