LANGSTON, APPELLANT, *v.* PROGRESSIVE
CASUALTY INSURANCE CO. ET AL., APPELLEES.

(No. 77AP-615—Decided December 20, 1977.)

*Welch, Danner & Innis Co., L. P. A.,* for appellant.

*Messrs. Williams, Deeg, Ketcham, Obetz & Denmead,* for appellee Progressive Casualty Ins. Co.

*Mr. William J. Brown,* attorney general, and *Mr. Ronald J. Corn,* for appellee Harry V. Jump, Superintendent of Insurance.

HOLMES, J. This matter involves the appeal of a judgment of the Court of Common Pleas of Franklin County which was brought by the plaintiff for an order determining his coverage under an insurance policy by which he

claimed he should have been covered by the defendant Progressive Casualty Insurance Company for damage occasioned by uninsured motorists. The defendant filed a motion to dismiss upon the basis that the plaintiff policyholder did not have uninsured motorist coverage in his policy, and further the defendant alleged that it was not obligated to have issued such coverage to the plaintiff in that R. C. 3937.30 through R. C. 3937.39, the statutes pertaining to uninsured motorist insurance, did not apply to motorcycles.

The plaintiff appeals, setting forth the following assignments of error:

1. "The trial court erred in finding as a matter of law that Sections 3937.30 through 3937.39 do not apply to motorcycles."

2. "The trial court erred in finding that the Plaintiff was not entitled to a hearing before the Defendant Harry V. Jump, Director of Department of Insurance because there had been no cancellation."

3. "The trial court erred in finding that alternative coverage was offered under the statute which would have precluded compliance with Sections 3937.30 through .39."

4. "The trial court erred in finding that the time limit for requesting a hearing pursuant to O. R. C. 3937.35 had expired."

5. "The trial court erred in finding that the policy lapsed when a 'renewal premium was not paid.' "

The pertinent portions of the sections to be considered within the issues presented are as follows:

"R. C. 3937.30 Definitions.

"As used in sections 3937.30 to 3937.39, inclusive, of the Revised Code, 'automobile insurance policy' means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:

"(A) Provides automobile bodily injury or property damage liability, or related coverage or any combination thereof;

"(B) Insures a single individual, or a husband and wife resident in the same household, as named insured;

"(C) Insures only private passenger motor vehicle or other four-wheeled motor vehicles which are classified or rated as private passenger vehicles and are not used as public or private livery, or rental conveyances; * * *."

"R. C. 3937.31 Policy period for automobile insurance; grounds for cancellation limited; exceptions.

"(A) Every automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years. Where renewal is mandatory, 'cancellation,' as used in sections 3937.30 to 3937.39 of the Revised Code, includes refusal to renew a policy with at least the coverages, included insureds, and policy limits provided at the end of the next preceding policy period. No insurer may cancel any such policy except pursuant to the terms of the policy, and in accordance with sections 3937.30 to 3937.39 of the Revised Code, and for one or more of the following reasons: * * *."

"R. C. 3937.32 Notice of cancellation required; contents.

"No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain:

"(A) The policy number;

"(B) The date of the notice;

"(C) The effective date of cancellation of the policy, which shall not be earlier than thirty days following the date of the notice;

"(D) An explanation of the reason for cancellation and the information upon which it is based, or a statement that such explanation will be furnished to the insured in writing within five days after receipt of his written request therefor to the insurer; * * *."

The appellee Progressive Casualty Company, argues that appellant's policy is a motorcycle policy and that, even though an "automobile insurance policy" is not specifically defined by the plain meaning of the terms used within the statute, the coverage was intended by the legislature to apply only to private car insurance, and not to motorcycle insurance. Further the appellee argues that even though

a motorcycle may be a motor vehicle it is not a "four-wheeled-vehicle" as set forth within the statute.

Further, the appellee argues that even though the policy were to be considered an automobile policy there is no cancellation that has been effected by a mere expiration of the policy period.

We hold that R. C. Chapter 3937 is broad enough in its coverage to include motorcycles, in that such a vehicle may indeed qualify as a private motor vehicle, and the intent of such statutory enactment is to cover those on our streets and highways who purchase such insurance coverage to be protected in their damage and injury from those who are not covered by appropriate liability insurance.

Such a policy according to law should be issued for a two-year period, and a lapse of such coverage is indeed a *de facto* cancellation of such policy requiring the insurance company to avail the insured of the appropriate notification required by R. C. 3937.32.

A motorcycle policy issued for only one year without a guarantee of a renewal for a like period contravenes the requirements of R. C. 3937.31(A) and, pursuant to R. C. 3937.39, the failure to renew such a policy pursuant to R. C. 3937.33 and 3937.34 may not deny the policyholder continued coverage.

We also hold that the Department of Insurance may not deny the policyholder a hearing, pursuant to R. C. 3937.35, under the circumstances presented, even though the precise procedures of R. C. 3937.33 have not been complied with. To hold otherwise would effectively deny the policyholder his rights in instances where the insuring companies failed to comply with such sections. This plainly is not the intent of these sections of law.

Therefore, the assignments of error are hereby sustained and this matter is remanded to the Department of Insurance for an appropriate hearing in accordance with law and this decision.

*Judgment reversed.*

Strausbaugh, P. J., and McCormac, J., concur.