ORRIS ET AL., APPELLANTS, *v.* CLAUDIO ET AL.;
AETNA CASUALITY & SURETY CO., APPELLEE.

[Cite as Orris v. Claudio (1980), 63 Ohio St. 2d 140.]

(No. 79-1070—Decided July 16, 1980.)

*Murray & Murray Co., L.P.A., Mr. Michael T. Murray* and *Mr. Kirk J. Delli Bovi,* for appellants.

*Flynn, Py & Kruse Co., L.P.A.,* and *Mr. Raymond N. Watts,* for appellee.

HOLMES, J. We agree with the view taken by the majority of the Court of Appeals. It is beyond cavil that it is the public policy of this state that, unless there is an express rejection of uninsured motorist coverage by an insured, his automobile liability policy must provide such type of coverage. *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161.

The case law in this state has generally pointed out that insurance companies could not lawfully insert provisions in uninsured motorist sections of the policy which would restrict

coverage in a manner contrary to the intent of the statute. As an example, in *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50, this court struck down a provision which would have reduced the amount payable to an insured to the extent of any sum received through workers' compensation law benefits paid to the insured.

Somewhat the same legal principle, in the instance of "other insurance," had been previously set forth in the case of *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33.

Although the specific question presented in the instant cause has not previously been answered by this court, there have been instances where this court has held that there could be reasonable restrictions placed in uninsured motorist clauses without violating the public policy embodied in R. C. 3937.18. In *Travelers Indemnity Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119, it was held that uninsured motorists coverage for "hit and run" accidents could be restricted to accidents where the injury resulted from physical contact between the unidentified vehicle and the insured, or the automobile occupied by the insured.

A review of cases from other jurisdictions shows a clear split of authority between those states which adhere to the principle that an exclusion from coverage of any automobile owned by the insured and not set forth in the policy would be contrary to the intent of uninsured motorist insurance, and those courts which have chosen to adhere to the principle that the fundamentals of contract law may prevail insofar as a specific exclusion of a vehicle not named within the policy.

Some of the cases which have adhered to the former view are: *Mullis* v. *State Farm Mutl. Auto Ins. Co.* (Fla. 1971), 252 So. 2d 229; *Nygaard* v. *State Farm Mutl. Auto Ins. Co.* (1974), 301 Minn. 10, 221 N.W. 2d 151; *State Farm Mutl. Auto Ins. Co.* v. *Hinkel* (1971), 87 Nev. 478, 488 P. 2d 1151; *Bell* v. *State Farm Mutl. Auto Ins. Co.* (W. Va. 1974), 207 S.E. 2d 147.

Some of the cases from other states which adhere to the view that an exclusion of other owned vehicles of the insured not set forth in the policy is a valid limitation on uninsured motorist coverage are: *Rodriquez* v. *Maryland Indem. Ins.*

*Co.* (1975), 24 Ariz. App. 392, 539 P. 2d 196; *Dairyland Ins. Co.* v. *Beekman* (1978), 118 Ariz. 294 (Ct. App.), 576 P. 2d 153; *Holcomb* v. *Farmers Ins. Exch.* (1973), 254 Ark. 514, 495 S.W. 2d 155; *Detroit Auto Inter-Ins. Exch.* v. *Reynolds* (1978), 81 Mich. App. 710, 265 N.W. 2d 799; *Barton* v. *American Family Mutl. Ins. Co.* (Mo. App. 1972), 485 S.W. 2d 628; *Employers' Fire Ins. Co.* v. *Baker* (R.I. 1978), 383 A. 2d 1005; *Hill* v. *Nationwide Mutl. Ins. Co.* (Tenn. 1976), 535 S.W. 2d 327; *Stagg* v. *Travelers Ins. Co.* (Tex. Civ. App. 1972), 486 S.W. 2d 399. Cf. *Nunley* v. *Turner* (1975), 57 Mich. App. 473, 226 N.W. 2d 528; *Shipley* v. *American Standard Ins. Co.* (1968), 183 Neb. 109, 158 N.W. 2d 238.

There is more than a modicum of validity to both points of view and the accompanying arguments presented by the parties herein. There is merit in the argument that pursuant to the public policy mandate of R. C. 3937.18 the uninsured motorist provision in an insurance policy must in effect provide a form of personal accident insurance to the named insured, and that such public policy will not permit insuring companies, by way of exclusions in their policies, to provide for anything else. We stated this, in effect, in *Bartlett, supra.*

However, we hold, as did the Court of Appeals below, that there is a preponderance of merit in the insurance company's argument that the terms of the contract of insurance must be given due consideration, and that weight must be given to what was contemplated by the parties as to the coverage of the policy. This is particularly so where the General Assembly has made the offering of uninsured motorist coverage mandatory, but has not made the purchase of such coverage mandatory. This remains a matter of contract between the insurance carrier and the insured.

Upon a review of all the considerations, we hold that where a policy of insurance contains reasonably specific language excluding other motor vehicles owned by the named insured from the uninsured motorist provision of the policy, such exclusion is valid, and not contrary to the public policy contained in R. C. 3937.18. As pointed out by the Court of Appeals below, this exclusion is limited to instances where the insured is driving another owned vehicle which he has

elected not to insure. We cannot say that this, as a matter of policy, does violence to the intent of R. C. 3937.18.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, C. J., dissenting. R. C. 3937.18 states in relevant part:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. The named insured shall have the right to reject such coverage, or may require the issuance of coverage for bodily injury or death in accordance with a schedule of optional lesser amounts approved by the superintendent, that shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death."

The statute clearly requires that coverage be offered for accidents occurring in any motor vehicle. The coverage is to be for liability for bodily injury or death suffered "by *any* person arising out of***use of *a* motor vehicle." (Emphasis added.)

The case law under R. C. 3937.18(A) supports this interpretation. In *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, this court stated , at page 165, as follows:

"Uninsured motorist coverage***is designed to protect persons injured in automobile accidents from losses which,

because of the tort-feasor's lack of liability coverage, would otherwise go uncompensated."

In *Grange Mut. Cas. Co.* v. *Volkmann* (1978), 54 Ohio St. 2d 58, this court, in light of *Abate,* stated in the second paragraph of the syllabus:

"Where an insured owns three automobiles and has obtained uninsured motorist coverage for each vehicle by purchasing three separate but identical policies of insurance from a single insurer that insurer may not avoid indemnification of its insured under two of those coverages by including in each insurance contract an 'other owned vehicle' exclusion. Under the foregoing circumstances such an exclusion is repugnant to the public policy expressed in R. C. 3937.18."

In addition, in fn. 3, at pages 60-61, we stated:

"In view of the specific fact situation presented in the cause at bar we need not at this time enter the ongoing controversy over the 'free ride' effect. The weight of authority in this country holds that where a person is operating a motor vehicle which does *not* have uninsured motorist coverage, and sustains bodily injury as the result of the negligent operation of another uninsured vehicle, the insured person may recover under the uninsured motorists coverage(s) of another vehicle (or vehicles) owned by a member (or members) of that person's household, even in the face of an exclusion purporting to deny coverage in such a circumstance."

The risk protected against by uninsured motorist coverage is not based on the vehicle driven or the negligence of the insured. The coverage protects against loss due to bodily injuries or death caused by another who is at fault. It should ordinarily attach to an insured, not to a vehicle. We implicitly recognized this in *Volkmann, supra,* when we held that R. C. 3937.18 prevented clauses which did not allow an individual to stack policy limits on uninsured motorists coverage even though the policies insured different vehicles.

The majority opinion recognizes the merit of the contention that uninsured motorists coverage, as contemplated in R. C. 3937.18, is personal in nature. The majority, however, affirms the Court of Appeals because of the weight it holds must be given to "what was contemplated by the parties as to the coverage of the policy."

R. C. 3937.18 was enacted out of a recognition that insurance companies are in a much stronger bargaining position *vis a vis* their customers in negotiating insurance contracts. The General Assembly, realizing that this difference exists and that uninsured motorists coverage is desirable, required that such coverage be offered and, in order to preserve the right of parties to contract, allowed the customer to reject or alter the terms. The coverage that must be offered is full coverage which includes loss while using a vehicle besides the one otherwise insured by the policy.

In the case at bar, the Court of Common Pleas granted appellant summary judgment. In reversing, the Court of Appeals ordered that appellee be granted judgment on the pleadings. Evidence was never presented establishing that full coverage was offered appellant as is required under the statute. Without such evidence, I cannot conceive of how the majority can hold that the parties fully contracted to alter the terms of the coverage. The Court of Appeals should have been reversed insofar as it granted Aetna judgment on the pleadings, and the cause should have been remanded. For that reason, I respectfully dissent.