HORSELY, APPELLEE, *v.* UNITED OHIO INSURANCE COMPANY, APPELLANT.

[Cite as Horsely *v.* United Ohio Ins. Co. (1991), 58 Ohio St. 3d 44.]

(No. 90-262—Submitted January 15, 1991—Decided February 27, 1991.)

*Joseph L. Hale,* for appellee.
*Gary W. Hammond,* for appellant.

ALICE ROBIE RESNICK, J. The issue presented in this case is whether an exclusion from uninsured motorist coverage for motorcycles violates R.C. 3937.18 and, thus, in turn, also violates the public policy of this state. As this question involves one of statutory interpretation, we begin our analysis with the language of the statute. R.C. 3937.18 provides in pertinent part:

"(A) No automobile liability *or motor vehicle liability policy of insurance* insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use *of a motor vehicle* shall be delivered or issued for delivery in this state with respect to *any motor vehicle* registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability *or motor vehicle liability coverage* and shall provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured motor vehicles* because of bodily injury, sickness, or disease, including death, resulting therefrom[.]" (Emphasis added.)

From the very face of R.C. 3937.18, no motor vehicle insurance policy shall be delivered or issued in the state of Ohio with respect to any motor vehicle unless the policy includes uninsured motorist coverage. Moreover, said coverage shall provide protection for those persons legally entitled to recover from owners or operators of uninsured motor vehicles. The statute expressly states that it is applicable to motor vehicles.

The law in Ohio is that "[a]ny contractual restriction on the coverage mandated by R.C. 3937.18 must com-

"* * *

"* * *

ply with the purpose of this statute. * * *" *Ady* v. *West American Ins. Co.* (1982), 63 Ohio St. 2d 593, 23 O.O. 3d 495, 433 N.E. 2d 547, syllabus. In order to conclude that the exclusion in the present case complies with the purpose of R.C. 3937.18, one must determine that a motorcycle does not constitute a "motor vehicle" under the statute. Stated otherwise, if a motorcycle is indeed a motor vehicle, then R.C. 3937.18 is applicable to motorcycles. As such, a policy exclusion for motorcycles violates the mandates of R.C. 3937.18, and does not comport with the purpose of the statute. Thus, the question in the instant case becomes whether a motorcycle is a "motor vehicle" under the clear language of R.C. 3937.18.

We answer this question in the affirmative, and reach the inescapable conclusion that a motorcycle is indeed a motor vehicle. Although Ohio case law supports this determination, we find more compelling support from the definition of a "motor vehicle" as provided by the General Assembly. R.C. 4501.01(B) defines a "motor vehicle" as follows:

" 'Motor vehicle' means any vehicle, including manufactured homes and recreational vehicles, propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, *except* motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed· in general highway transportation * * *." (Emphasis added.)

The statute goes on to list other exceptions to the definition of a "motor vehicle," but *does not* list motorcycles as one of the exceptions.[2] Rather, from the definition contained in R.C. 4501.01, it is quite clear that the term "motor vehicle" is sufficiently broad to include a motorcycle. A motorcycle is "any vehicle * * * drawn or propelled by power other than muscular power. * * *" This court can discern no valid reason for not accepting this definition of a "motor vehicle" provided by the General Assembly. Moreover, it defies common sense to suggest that the General Assembly would define a "motor vehicle" in one chapter of the Revised Code (4501.01 *et seq.*), and then assign a different meaning to that same term in yet another chapter of the Revised Code (3937.01 *et seq.*). Absent a legislative intent to the contrary, we decline to formulate our own definition of "motor vehicle" when the General Assembly has already spoken as to how that term should be defined.

As noted earlier, Ohio case law also supports our conclusion that a motorcycle is indeed a "motor vehicle" as the latter term is defined. In *Jirousek* v. *Prudential Ins. Co.* (1971), 27 Ohio St. 2d 62, 63, 56 O.O. 2d 34, 35, 271 N.E. 2d 866, 868, this court stated that "we agree with plaintiff's hypothesis that an automobile is a motor vehicle and that a motorcycle is a motor vehicle * * *." In a case involving a similar issue regarding snowmobiles, we unanimously held that "[a] snowmobile is a 'motor vehicle' within the meaning of R.C. 3937.18." *Metropolitan Property & Liability Ins. Co.* v. *Kott* (1980), 62 Ohio St. 2d 114, 16 O.O. 3d 139, 403 N.E. 2d 985, at the syllabus. It would be incongruous to hold that a snowmobile is a motor vehicle, while finding that a motorcycle is somehow not a motor vehicle.

The courts of appeals are likewise

---

[2] The exception contained in R.C. 4501.01(B) for "motorized bicycles" is not intended to refer to motorcycles, but rather refers to mopeds and the like. See R.C. 4501.01(L).

in agreement with our disposition of the issue. In *Langston* v. *Progressive Cas. Ins. Co.* (1977), 56 Ohio App. 2d 17, 20, 10 O.O. 3d 24, 26, 381 N.E. 2d 209, 211, Justice Holmes (then Judge Holmes of the Tenth Appellate District) instructs us that "R.C. Chapter 3937 is broad enough in its coverage to include motorcycles." Similarly, in *Roy* v. *State Farm Mut. Auto. Ins. Co.* (1982), 8 Ohio App. 3d 368, 372, 8 OBR 481, 485, 457 N.E. 2d 344, 348, the court determined that "R.C. 3937.18 is broad enough in its coverage to include motorcycles." See, also, *Katanik* v. *State Farm Mut. Auto. Ins. Co.* (1982), 8 Ohio App. 3d 76, 78, 8 OBR 108, 110, 455 N.E. 2d 1340, 1343 ("the proposition that the term 'motor vehicle' includes motorcycles * * * is indeed correct").

Upon considering prior case law, and given the statutory definition provided by the General Assembly in R.C. 4501.01(B), we conclude that a motorcycle is a motor vehicle.[3] Thus, we hold that the term "motor vehicle" as employed in R.C. 3937.18 is sufficiently broad to include a motorcycle. A motor vehicle liability insurance policy contravenes R.C. 3937.18 and the public policy of this state when it contains an exclusion from uninsured motorist coverage of those damages relating to the ownership or operation of motor vehicles having fewer than four wheels. We affirm the judgment of the court of appeals and remand this case to the trial court for proceedings consistent with this opinion.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., concurring. The General Assembly has specifically defined "motor vehicle" in R.C. 4501.01(B) for purposes of uninsured/underinsured motorist coverage. The General Assembly has also set forth exceptions from the definition of a "motor vehicle." Motorcycles have not been so excepted. As noted by the majority, the common-law determinations of our state courts, including an opinion rendered by the author of this concurrence, have concluded that a motorcycle constitutes a "motor vehicle" for the purposes of uninsured motorist coverage.

Whether or not it is against public policy to issue policies specifically exempting motorcycles should be determined from a construction of the language of the Act. Based upon the definition of "motor vehicle," and the more telling fact that motorcycles have not been excepted from such definition whereas motor bikes have been so excepted, I conclude that the public policy has been stated on this matter, and that uninsured/underinsured motorist coverage must be offered.

---

[3] Appellant argues that the pertinent portion of the policy is clear and unambiguous, citing *Hedrick* v. *Motorists Mut. Ins. Co.* (1986), 22 Ohio St. 3d 42, 22 OBR 42, 488 N.E. 2d 840; *Dairyland Ins. Co.* v. *Finch* (1987), 32 Ohio St. 3d 360, 513 N.E. 2d 1324; and *Shearer* v. *Shearer* (1985), 18 Ohio St. 3d 94, 18 OBR 129, 480 N.E. 2d 388. Each of these cases has upheld or approved various exclusions from uninsured motorist or automobile liability insurance coverage. However, we have determined that any exclusion for damages caused by motor vehicles having fewer than four wheels violates both R.C. 3937.18 and the public policy of this state. Appellant's policy provision, no matter how clearly worded or discernible it may be, simply cannot be used to evade the mandates of R.C. 3937.18.

However, there is an element of personal choice and contractual arrangement that may be carried out within the context of this public policy determination. The insurance company offering uninsured coverage for a motorcycle may accordingly set the premiums, and the policy purchaser may opt to refuse to purchase such coverage; such is a matter of contract between the parties.

However, as stated by the majority here, the coverage must be offered, and the exception of motorcycles from coverage by the insurance company would run counter to the public policy as expressed by the General Assembly in the definition of "motor vehicle" within the Act.

There reasonably may be shown to be a marked difference in the accident rate and injuries to motorcyclists, and therefore a much greater exposure to losses by insuring companies, and based upon any such data presented to it, the General Assembly may well see fit to expressly except motorcycles from uninsured/underinsured coverage.

Accordingly, I concur in the opinion of the majority.