FLOCH, Appellant,

v.

FARMERS INSURANCE GROUP OF COMPANIES, Appellee.

[Cite as *Floch v. Farmers Ins. Group of Cos.* (1994), 97 Ohio App.3d 394.]

Court of Appeals of Ohio,
Trumbull County.

No. 93–T–4984.

Decided Oct. 3, 1994.

*Robert I. Shaker,* for appellant.

*D. John Travis* and *Thomas D. Robenalt,* for appellee.

NADER, Judge.

This is an accelerated calendar case which has been submitted for decision upon the briefs of the parties. The appeal is taken from an entry granting

appellee's motion for summary judgment filed in the Trumbull County Court of Common Pleas.

On May 12, 1993, appellant, Robert T. Floch, filed a complaint for declaratory judgment against appellee, Farmers Insurance Group of Companies. Appellant sought benefits from the uninsured motorist coverage of his motor vehicle insurance policy for the May 18, 1991 accidental boating death of his son.

On July 27, 1993, appellee filed a motion for summary judgment, contending that the policy in question limits uninsured motorist coverage to "land motor vehicles," and that a motorboat does not fall within the definition of a "motor vehicle." Appellant filed a response to appellee's motion for summary judgment with a counter-motion for summary judgment on September 22, 1993. On September 30, 1993, appellee filed a response to appellant's motion for summary judgment.

The trial court, on October 5, 1993, filed an entry granting appellee's motion for summary judgment. Appellant timely appealed, asserting the following as error:

"The trial court erred to the prejudice of the plaintiff-appellant Robert Floch, et al., by granting defendant's motion for summary judgment and overruling plaintiff's counter-motion for summary judgment, in finding that a motor vehicle as defined by the Ohio Revised Code does not include motor boat for the purposes of uninsured/underinsured motorist coverages."

Summary judgment is proper where it can be determined that:

" '(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' " *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Appellant first contends that the trial court's holding contravenes the Supreme Court of Ohio's decision in *Horsely v. United Ohio Ins. Co.* (1991), 58 Ohio St.3d 44, 567 N.E.2d 1004. Appellant further contends that the trial court incorrectly interpreted R.C. 4501.01.

In *Horsely* at 47, 567 N.E.2d at 1006–1007, the court stated:

"[W]e conclude that a motorcycle is a motor vehicle. Thus, we hold that the term 'motor vehicle' as employed in R.C. 3937.18 is sufficiently broad to include a motorcycle. A motor vehicle liability insurance policy contravenes R.C. 3937.18 and the public policy of this state when it contains an exclusion from uninsured

motorist coverage of those damages relating to the ownership or operation of motor vehicles having fewer than four wheels." (Footnote omitted.)

In reaching its conclusion, the *Horsely* court first addressed the question of whether a motorcycle is a motor vehicle. This court, in determining whether the exclusion of motorboats from uninsured motorist coverage contravenes R.C. 3937.18 and public policy, must make a similar inquiry.

In *Horsely,* the court looked to the definition of "motor vehicle" set forth by the General Assembly in R.C. 4501.01(B). It provides:

" 'Motor Vehicle' means any vehicle, including manufactured homes and recreational vehicles, propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires, except motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work and not designed for or employed in general highway transportation, well-drilling machinery, ditch-digging machinery, farm machinery, trailers used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a public road or highway at a speed of twenty-five miles per hour or less, threshing machinery, hay-baling machinery, corn sheller, hammermill and agricultural tractors, machinery used in the production of horticultural, agricultural, and vegetable products, and trailers designed and used exclusively to transport a boat between a place of storage and a marina, or in and around a marina, when drawn or towed on a public road or highway for a distance of no more than ten miles and at a speed of twenty-five miles per hour or less."

Appellant contends that the trial court erred, when construing R.C. 4501.01(B), in referring to R.C. 4501.01(A), which defines the term "vehicle." We disagree. R.C. 4501.01(B) defines "motor vehicles" as "any *vehicle.*" (Emphasis added.) It is, therefore, logical to consider the definition of the term "vehicle" which has been provided within the same statute. See *Lester v. State Farm Mut. Auto. Ins. Co.* (1989), 64 Ohio App.3d 52, 580 N.E.2d 793.

R.C. 4501.01(A) sets forth the following definition of the term "vehicle":

" 'Vehicles' means everything on wheels or runners, including motorized bicycles, but does not mean vehicles operated exclusively on rails or tracks or from overhead electric trolley wires and vehicles belonging to any police department, municipal fire department, or volunteer fire department or used by such department in the discharge of its functions."

This section clearly limits the definition of "vehicle" to those things which operate on wheels or runners. Because R.C. 4501.01(B) defines a "motor vehicle" as "any vehicle * * * propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires," a motor vehicle is "every-

thing on wheels or runners" which is "propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires." Thus, the trial court correctly concluded that a motorboat, which does not operate on wheels or runners, does not fit the definition of "vehicle" as set forth in R.C. 4501.01(A), and therefore cannot fit the definition of "motor vehicle" as set forth in R.C. 4501.01(B).

This interpretation is also supported by the language of R.C. 4501.01(B). This section manifests a purpose to regulate traffic upon roads and streets. See 1943 Ohio Atty.Gen.Ops. No. 6061 (construing G.C. 6290, the predecessor to R.C. Chapter 4501). Throughout R.C. 4501.01(B), the definition of "motor vehicle" is circumscribed to those vehicles which operate upon roads and streets with the exclusion of vehicles which are "not designed for or employed in general highway transportation." An analysis of the vehicles excluded reveals that all are low-speed vehicles, the primary operation of which would not occur in traffic on public roadways. Thus, the trial court correctly concluded that a motorboat is not a motor vehicle for purposes of R.C. 3937.18.

As a result, the decision in *Horsely* does not mandate a holding that the exclusion of motorboats from uninsured motorist coverage violates R.C. 3937.18 and public policy. *Horsely* dealt with a motorcycle, which operates upon wheels and therefore falls within the definition of "motor vehicle" as set forth in R.C. 4501. Because a motorcycle is a motor vehicle, R.C. 3937.18 mandates that it be included in uninsured motorist coverage. As previously determined in this opinion, a motorboat is not a "motor vehicle" as defined by R.C. 4501. Thus, the provisions of R.C. 3937.18 do not apply in the instant case.

Similarly, the Supreme Court of Ohio's decision in *Metro. Property & Liab. Ins. Co. v. Kott* (1980), 62 Ohio St.2d 114, 16 O.O.3d 139, 403 N.E.2d 985, is distinguishable. In *Kott*, the court held that snowmobiles are motor vehicles within the meaning of R.C. 3937.18. Unlike a motorboat, a snowmobile fits the definition of a motor vehicle set forth in R.C. 4501.01 because it operates on runners and is propelled by power other than muscular power or that drawn from overhead electric trolley wires. Furthermore, snowmobiles are operated upon land, and thus more closely fit the legislative purposes previously discussed than do motorboats. As a result, the trial court correctly determined that appellee was entitled to judgment as a matter of law.

Appellant's assignment of error is meritless.

In accordance with the foregoing, the order of the trial court granting summary judgment in favor of appellee is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and CACIOPPO, J., concur.

Mary Cacioppo, J., retired, of the Ninth Appellate District, sitting by assignment.