DRAKE–LASSIE, Appellant,

v.

STATE FARM INSURANCE COMPANIES, Appellee.

[Cite as *Drake–Lassie v. State Farm Ins. Cos.* (1998), 129 Ohio App.3d 781.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–40.

Decided Sept. 17, 1998.

*Wilcox, Schlosser & Bendig Co., L.P.A.,* and *Charles H. Bendig,* for appellant.

*Gallagher, Bradigan, Gams, Pryor & Littrell, L.L.P., Brian J. Bradigan* and *Catherine P. Palazzolo,* for appellee.

BOWMAN, Judge.

Appellant, Minerva Drake–Lassie, has appealed from a judgment of the Franklin County Court of Common Pleas that denied her motion for summary judgment and granted summary judgment in favor of appellee, State Farm Insurance Companies ("State Farm"), and sets forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred in denying summary judgment to plaintiff where the established Ohio case law holds a forklift qualifies as a motor vehicle as defined by Ohio Revised Code 4501.01(B), and therefore plaintiff is entitled to uninsured motorist benefits for injuries caused by the negligence of an uninsured operator of this forklift motor vehicle.

"Assignment of Error No. 2:

"The trial court erred in granting summary judgment to defendant State Farm Insurance, there at a minimum being a question of fact for a jury whether a forklift is a motor vehicle as defined by Ohio Revised Code 4501.01(B), thereby entitling plaintiff to uninsured motorist benefits under the provisions of her contract of insurance with State Farm Insurance."

The facts in this matter are not in dispute. In November 1994, appellant was employed as a punch-press operator at Dayton Rogers of Ohio, Inc. As part of

her job, appellant was required to wear safety straps around her wrists to prevent her hands from being placed into the press while it is in operation. The wrist straps are attached to cables. On November 22, 1994, a coemployee of appellant was operating a forklift in such a manner that one of the safety strap cables was caught in the forklift and appellant was pulled away from her machine. The forklift also struck her in the back and twisted her neck, upper back, wrist and shoulder.

The parties stipulated that the forklift was not registered and was not required to be registered as a motor vehicle pursuant to R.C. 4503.10 and, at the time of the accident, was not being operated at a location primarily intended for use by automobiles, trucks or motorcycles.

The parties further stipulated that appellant was insured by State Farm on November 22, 1994, and the limits of available uninsured motorist insurance were $100,000 per person. Because appellant was injured by a co-worker, who was immune from suit,[1] he was an uninsured motorist,[2] and appellant filed a claim for uninsured motorist benefits, which was denied by State Farm based on the following provision in her policy:

"An *uninsured motor vehicle* does not include a land motor vehicle:

" * * *

"5. designed for use mainly off public roads except while on public roads * * *."

Appellant filed a complaint for declaratory judgment and damages in the Franklin County Court of Common Pleas. Both appellant and appellee filed motions for summary judgment, which were initially denied. Both parties filed motions to reconsider. In support of her request for reconsideration of the court's denial of her motion for summary judgment, appellant offered the affidavit of Blair Bichel, an employee of Hy-tek Material Handling, a dealer for the forklift that injured appellant. The affidavit states that the forklift is used for loading dock and general warehouse loading and it is unsuitable for use in construction or on rough terrain. The forklift is powered by electricity and runs

---

1. R.C. 4123.471.

2. R.C. 3937.18(A)(1) as in effect at the time of the accident provided:

 "For purposes of division (A)(1) of this section, a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of the uninsured motor vehicle has an immunity, whether based upon a statute or the common law, that could be raised as a defense in an action brought against him by the person insured under uninsured motorist coverage does not affect the insured person's right to recover under his uninsured motorist coverage." 145 Ohio Laws, Part I, 210.

on four wheels. The trial court granted the motion to reconsider and then entered judgment in favor of appellee on the basis that the forklift was not a motor vehicle for purposes of uninsured motorist coverage because it was not registered as a motor vehicle, was not required to be registered as a motor vehicle and was not being operated at a location primarily intended for use by automobiles, trucks or motorcycles.

Appellant contends that the trial court erred when it found that the forklift which injured her was not, as a matter of law, a motor vehicle.

■ Summary judgment is proper if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. It is a procedural device designed to terminate litigation at an early stage where a resolution of factual disputes is unnecessary. However, it must be awarded with caution, resolving all doubts and construing the evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can only reach a conclusion adverse to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; and *Ohio Bus Sales, Inc. v. Toledo Bd. of Edn.* (1992), 82 Ohio App.3d 1, 610 N.E.2d 1164. In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court stated that the moving party, on the ground that the nonmoving party cannot prove its case, has the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Once the moving party satisfies this initial burden, the nonmoving party has the reciprocal burden to set forth specific facts showing there is a genuine issue for trial.

R.C. 3937.18 provided:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of

uninsured motor vehicles because of bodily injury, sickness, or disease, including death, suffered by any person insured under the policy."

■ It is clear from the statute that all motor vehicle insurance policies delivered or issued in Ohio for any motor vehicle must include uninsured motorist coverage. This coverage must provide benefits for those persons legally entitled to recover from the owners or operators of an uninsured motor vehicle. In *Ady v. W. Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 23 O.O.3d 495, 433 N.E.2d 547, syllabus, the Ohio Supreme Court held:

"Any contractual restriction on the coverage mandated by R.C. 3937.18 must comply with the purpose of this statute. (*Orris v. Claudio,* 63 Ohio St.2d 140 [17 O.O.3d 85, 406 N.E.2d 1381], overruled.)"

The requirements for uninsured motorist coverage in R.C. 3937.18 are incorporated into all motor vehicle insurance contracts issued in Ohio. *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 51 O.O.2d 229, 258 N.E.2d 429. Therefore, to determine whether the exclusion in State Farm's policy is valid, it must be determined whether the forklift that injured appellant is a motor vehicle. If the forklift falls within the definition of a motor vehicle, R.C. 3937.18 applies and the exclusion in the State Farm policy is invalid.

In *Metro. P. & L. Ins. Co. v. Kott* (1980), 62 Ohio St.2d 114, 16 O.O.3d 139, 403 N.E.2d 985, and *Horsely v. United Ohio Ins. Co.* (1991), 58 Ohio St.3d 44, 567 N.E.2d 1004, the Ohio Supreme Court held that the definition of "motor vehicle" for the purposes of R.C. 3937.18 is the definition used in R.C. 4501.01. R.C. 4501.01(A) and (B) provide:

"(A) 'Vehicles' means everything on wheels or runners, including motorized bicycles, but does not mean vehicles that are operated exclusively on rails or tracks or from overhead electric trolley wires and vehicles that belong to any police department, municipal fire department, or volunteer fire department, or that are used by such a department in the discharge of its functions.

"(B) 'Motor vehicle' means any vehicle, including manufactured homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires * * *."

R.C. 4501.01(B) also lists a series of exceptions from the definition of "motor vehicle," which include:

"[M]otorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work *and* not designed for or employed in general highway transportation, well-drilling machinery, ditch-digging machinery, farm machinery, trailers that are used to transport agricultural produce or agricultural production materials between a local place of storage or

supply and the farm when drawn or towed on a public road or highway at a speed of twenty-five miles per hour or less, threshing machinery, hay-baling machinery, corn sheller, hammermill and agricultural tractors, machinery used in the production of horticultural, agricultural, and vegetable products, and trailers that are designed and used exclusively to transport a boat between a place of storage and a marina, or in and around a marina, when drawn or towed on a public road or highway for a distance of no more than ten miles and at a speed of twenty-five miles per hour or less." (Emphasis added.)

■ Appellee contends that R.C. 4501.01(B) should read or be interpreted to mean that "motor vehicle" means any vehicle except "other equipment not designed for or employed in general highway transportation." To support its argument, appellee relies on *Putka v. Parma* (1993), 90 Ohio App.3d 647, 630 N.E.2d 380, and *Floch v. Farmers Ins. Group of Cos.* (1994), 97 Ohio App.3d 394, 646 N.E.2d 902. In *Putka*, the court found that a backhoe, because it was being operated on a public highway to go between job sites, was a motor vehicle. In *Putka*, the court distinguished its earlier decision in *Berry v. Motorists Mut. Ins. Co.* (1983), 13 Ohio App.3d 228, 13 OBR 280, 468 N.E.2d 922, which held that a backhoe that was being operated off a public road was not a motor vehicle. In *Floch*, the court held that a motorboat was not a motor vehicle because it was not on wheels or runners. The courts in both *Floch* and *Putka* found their conclusions to be consistent with the legislative purpose of R.C. 3937.18 and 4501.01(B), which was to define "motor vehicles" as those vehicles that operated on public roads or streets.

We disagree with appellee's reading of R.C. 4501.01(B) and its reliance on *Floch* and *Putka*. The phrase "not designed for or employed in general highway transportation" used in R.C. 4501.01(B) modifies the phrase "other equipment used in construction work" and does not create a separate category of exceptions. The affidavit of Bichel clearly states that the forklift is not designed for construction work. While both *Floch* and *Putka* found it appropriate to apply a use analysis to determine whether a vehicle was a motor vehicle, such an analysis is inconsistent with established rules of statutory construction and *Kott* and *Horsely*.

■ The paramount goal in the interpretation or construction of a statute is to ascertain and give effect to the legislature's intent in enacting the statute. *Featzka v. Millcraft Paper* (1980), 62 Ohio St.2d 245, 16 O.O.3d 280, 405 N.E.2d 264. Words and phrases must be read in context and construed according to common usage. *Ohio Bus Sales*, 82 Ohio App.3d 1, 610 N.E.2d 1164; R.C. 1.42. If the language used in a statute is clear and unambiguous, this court need not interpret the statute since it may be applied as it is written. *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St.2d 367, 23 O.O.3d 341, 433 N.E.2d 142; *Deaton v.*

*McIntosh* (1992), 82 Ohio App.3d 688, 612 N.E.2d 1316. It is only where the words of a statute are ambiguous or are based upon an uncertain meaning or there is an apparent conflict of some provisions that a court has the right to interpret a statute. *Kroff v. Amrhein* (1916), 94 Ohio St. 282, 114 N.E. 267; R.C. 1.49.

There is no reason to search for statutory intent or to interpret the statute when the language in R.C. 4501.01(B) is clear and unambiguous. Both *Kott* and *Horsely* formulated a clear, simple test to determine whether a vehicle falls within the provisions of R.C. 3937.18. In *Horsely,* 58 Ohio St.3d at 46, 567 N.E.2d at 1006, the court stated:

"This court can discern no valid reason for not accepting this definition of a 'motor vehicle' provided by the General Assembly. Moreover, it defies common sense to suggest that the General Assembly would define a 'motor vehicle' in one chapter of the Revised Code (4501.01 *et seq.*), and then assign a different meaning to that same term in yet another chapter of the Revised Code (3937.01 *et seq.*). Absent a legislative intent to the contrary, we decline to formulate our own definition of 'motor vehicle' when the General Assembly has already spoken as to how that term should be defined."

 Thus, applying the definition set forth in R.C. 4501.01, we find that the forklift that injured appellant falls within the definition of "motor vehicle." The vehicle operates on wheels and is propelled by power other than muscular power or power collected from an overhead electric trolley wire. The forklift does not fall within any of the exceptions set forth in the statute. Inasmuch as the forklift is a motor vehicle, pursuant to *Ady* the provision in State Farm's policy which seeks to exclude coverage because the forklift was designed mainly for use off public roads is invalid.

Therefore, appellant's first and second assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

PETREE, J., concurs.

DESHLER, P.J., concurs separately.

DESHLER, Presiding Judge, concurring separately.

I concur with the judgment of reversal, but I write separately to express concern regarding the decision rendered today.

While generally agreeing with the analysis of my colleagues as it relates to statutory and case law interpretation, I must conclude that we are necessarily compelled to the resultant reversal by inadequate wording of definitional statutes, to wit, R.C. 4501.01(A) and (B).

The parties stipulated that the forklift was not registered and was not required to be registered as a motor vehicle pursuant to R.C. 4503.10. At the time of the incident giving rise to this case, the forklift was being operated in its normal setting and not on a public street or highway. We have accurately pointed out that the Supreme Court of Ohio has held that the definition of "motor vehicle," for the purposes of R.C. 3937.18, is the definition used in R.C. 4501.01. As a result of the judgment rendered today, we invalidate State Farm's claimed exclusion of the forklift by finding that the forklift operates on wheels and is propelled by power other than muscular power and does not fall into any of the exceptions set forth in the statute defining motor vehicles. We, thus, conclude that a forklift is a motor vehicle.

The statute defining motor vehicles, R.C. 4501.01(B), says nothing about forklifts, but provides exceptions to the definition of various motor vehicles in the following language:

"[E]xcept motorized bicycles, road rollers, traction engines, power shovels, power cranes, and other equipment used in construction work *and* not designed for or employed in general highway transportation, well-drilling machinery, ditch-digging machinery, farm machinery, trailers that are used to transport agricultural produce or agricultural production materials between a local place of storage or supply and the farm when drawn or towed on a public road or highway at a speed of twenty-five miles per hour or less, threshing machinery, hay-baling machinery, corn sheller, hammermill and agriculture tractors, machinery used in the production of horticultural, agricultural, and vegetable products, and trailers that are designed and used exclusively to transport a boat between the place of storage and a marina, or in and around a marina, when drawn or towed on a public road or highway for a distance of no more than ten miles and at a speed of twenty-five miles per hour or less." (Emphasis added.)

We are left with a statute that does not literally include or exclude a forklift but, by other wording and case law interpretations, leads us to a conclusion that a forklift is a motor vehicle. The conclusion is compelled within the context of uninsured motorist coverage, which in my view was never contemplated to apply to forklifts. While I would fully agree with the Ohio Supreme Court's earlier

pronouncements with respect to determining that a motorcycle and a dune buggy are motor vehicles, it is with reluctance that I join the decision rendered today. In my opinion, the legislature should address with more preciseness the definition of motor vehicle in the context of uninsured motorist protection. Such an endeavor would benefit all litigants and trial courts in Ohio.