The STATE of Ohio

v.

GORDON.

2010-Ohio-6591.]

Court of Common Pleas of Ohio,
Lake County.

No. 06CR000648.

Decided July 15, 2010.

Charles E. Coulson, Lake County Prosecuting Attorney, and Jamie R. Eck, Assistant Prosecuting Attorney, for the state.

Aaron Schwartz, Assistant Public Defender, for defendant.

LUCCI, Judge.

{¶ 1} The court has considered the defendant's motion for termination of community-control sanctions, filed April 20, 2010, and the oral arguments in opposition, presented by the state at the hearing on the motion held in chambers on July 1, 2010. For the following reasons, the court finds that the motion is well taken and is therefore granted.

{¶ 2} On April 11, 2007, the defendant, Yusef S. Gordon, withdrew his previously entered plea of not guilty and pleaded guilty to one count of receiving stolen property, a felony of the fifth degree, in violation of R.C. 2913.51(A). On May 15, 2007, the defendant was sentenced to four years of community control and 80 days in the county jail, where he was to complete the jail's treatment program for substance-abuse issues, and was ordered to pay restitution to the victim in the amount of $40.03 and participate regularly in aftercare programs. Over the last three years the defendant has successfully completed all the terms of his probation. In addition, he is currently enrolled in college and is gainfully employed. On that basis, the defendant requests that the court terminate his community-control sanctions approximately ten months early pursuant to R.C. 2929.15(C).

{¶ 3} The state opposes this request, based on its interpretation of R.C. 2929.15(C), which states, "If an offender, for a significant period of time, fulfills the conditions of a sanction * * * in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction, *but the court shall not permit the offender to violate any law or permit the offender to leave the state without the permission of the court or the offender's probation officer.*" (Emphasis added.) The state argues that the wording of the statute

precludes the court from terminating the defendant's community control. Specifically, the fact that the court "shall not" permit the offender to violate any law or permit him to leave the state without permission, the state argues, requires that the defendant remain subject to community-control sanctions, because the court has no authority to impose such conditions on free citizens. The court does not agree with this reading of the statute.

{¶ 4} In interpreting statutes, courts must read words and phrases in context and construe them according to the rules of grammar and common usage.[1] "When a statute is unambiguous and definite on its face, it is to be applied as written and not construed."[2] However, courts have a right to interpret ambiguous statutes.[3] In doing so, courts must strive to "ascertain and give effect to the legislature's intent in enacting the statute."[4] In enacting statutes, it is presumed that the legislature wants the entire statute to be effective and that a result capable of execution is intended.[5] Therefore, if possible, statutes must be construed so that some operative effect is given to every word written in them.[6] However, if a literal construction of the wording of a statute leads to gross absurdity, manifestly contradictory to common reasoning, the court may interpret the statute so as to arrive at a logical conclusion.[7] This is supported by R.C. 1.47(C), which states that "[i]n enacting a statute, it is presumed that [a] just and reasonable result is intended."

{¶ 5} Here, the fact that the statute can be read so as to have two different outcomes proves that it is ambiguous. In this case, the court finds that the state's interpretation would yield an absurd result. Just as the legislature has granted trial judges the power to set convicted felons free from prison,[8] by enacting R.C. 2929.15 it unequivocally intended to confer upon judges the

---

1. R.C. 1.42.

2. *State v. McCombs* (Mar. 5, 2002), Hancock App. No. 9–01–46, 2002 WL 359471, citing *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995.

3. *Drake–Lassie v. State Farm Ins. Cos.* (1998), 129 Ohio App.3d 781, 788, 719 N.E.2d 64, citing *Kroff v. Amrhein* (1916), 94 Ohio St. 282, 114 N.E. 267.

4. Id. at 787, citing *Featzka v. Millcraft Paper* (1980), 62 Ohio St.2d 245, 16 O.O.3d 280, 405 N.E.2d 264.

5. R.C. 1.47(B) and (D). See also *State v. Fields* (1999), 136 Ohio App.3d 393, 396, 736 N.E.2d 933.

6. *Taber v. Ohio Dept. of Human Serv.* (1998), 125 Ohio App.3d 742, 747, 709 N.E.2d 574.

7. *Mishr v. Poland Bd. of Zoning Appeals* (1996), 76 Ohio St.3d 238, 240, 667 N.E.2d 365.

8. R.C. 2929.20.

4

authority to reduce or end community-control sanctions as long as the defendant had completed a significant portion of his sentence in an exemplary manner. The wording of the statute is plain and definite on its face as to that point.

{¶ 6} Here, the state does not argue that the defendant has not met the statutory requirements. Rather, as noted above, it contends that the judge cannot end the defendant's period of community control without ordering him to not violate any laws or leave the state without permission of the court or a parole officer. But the court has no power to impose those sanctions on the defendant if he is not on community control.

{¶ 7} The state cites one case in which an appellate court found that a trial court could end the period of community control only if it advised the defendant that he must not violate the law or leave the state without permission of the court or his parole officer.[9] However, that opinion is not binding, and this court does not agree with its logic. Again, this court cannot impose sanctions on any person who is not on probation or parole. It simply lacks authority to do so.

{¶ 8} Therefore, the court construes R.C. 2929.15(C) as follows. The court has the authority to shorten or end a defendant's community control as long as the requirements noted in the statute are met. Here, by serving over 75 percent of his community control, and by abiding by all of its terms and conditions, the defendant has met these requirements. The admonition that defendants must be advised not to violate laws or leave the state without permission of the court or a parole officer cannot, and does not, apply to the court's authority to end community control. It applies only when the term of community-control sanctions is reduced but not ended, or less restrictive terms are imposed by the trial judge. This interpretation comports with the rules of statutory construction in that it appears to give effect to the legislature's intent in enacting the statute, it gives an operative effect to all the words in the statute, and it arrives at a result capable of execution.

{¶ 9} Wherefore, the court finds that the defendant has fulfilled the conditions of his community-control sanctions in an exemplary manner for a significant period of time. Therefore, pursuant to R.C. 2929.15(C), the defendant's motion to end his community-control sanctions is well taken and hereby granted.

So ordered.

---

9. *State v. McCombs* (Mar. 5, 2002), Hancock App. No. 9–01–46, 2002 WL 359471.