METROPOLITAN PROPERTY & LIABILITY INSURANCE CO.,
APPELLANT, *v.* KOTT, APPELLEE.

[Cite as Metropolitan P. & L. Ins. Co. v. Kott (1980),
62 Ohio St. 2d 114.]

(No. 79-981—Decided April 30, 1980.)

*Keller & Scully Co., L.P.A., Mr. Stanley S. Keller* and *Mr. William F. Scully, Jr.,* for appellant.

*Messrs. Goldberg, Williams, Jilek & Lafferty* and *Mr. David R. Goldberg,* for appellee.

PAUL W. BROWN, J.    Appellee concedes that the language in appellant's policy, standing alone, excludes coverage for injuries sustained in a snowmobile. He contends, however, that R. C. 3937.18, which sets forth the required coverage for uninsured motorists provisions, includes snowmobiles within the meaning of "motor vehicle" and that such statutory coverage requirements are incorporated in, and become part of, the insurance contract.[1]

Appellant does not dispute that the uninsured motorist coverage requirements in R. C. 3937.18 are incorporated into insurance contracts. See *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161. It does dispute, however, that the phrase "motor vehicle" in R. C. 3937.18 was intended to include snowmobiles within its scope.

For legislative guidance as to the meaning of "motor vehicle" we must look outside R. C. Chapter 3937. The definition of "motor vehicle" most frequently referred to in the Revised Code, and the definition most amenable to general application, is found in the definitional provisions for R. C. Title 45, motor vehicles, and specifically, R. C. 4501.01(B). This section defines a "motor vehicle," in relevant part, as "any vehicle***propelled or drawn by power other than muscular power***except***."[2] A snowmobile is not included within

---

[1] R. C. 3937.18, provides, in part, that:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom."

[2] Accord, R. C. 4509.01(I) (financial responsibility); R. C. 4511.01(B) (traffic laws).

116

the enumerated exceptions. Since a snowmobile is propelled by "other than muscular power" it must, by definition, be deemed a "motor vehicle."

We believe that the interpolation of "motor vehicle" from the motor vehicle title of the Revised Code to the insurance title achieves a just result and is preferable to this court composing its own definition of "motor vehicle" in derogation of a legislatively sanctioned definition. Accordingly, to the extent that appellant excluded uninsured motorist coverage for snowmobiles in its automobile liability policy, such exclusion is void, and appellee is insured pursuant to R. C. 3937.18.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.