LESTER, Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

[Cite as *Lester v. State Farm Mut. Auto. Ins. Co.* (1989), 64 Ohio App.3d 52.]

Court of Appeals of Ohio,
Butler County.

No. CA89–03–034.

Decided Sept. 5, 1989.

*Casper & Casper* and *Sanford I. Casper,* for appellee.

*Young & Alexander Co., L.P.A.,* and *Mark R. Chilson,* for appellant.

*Per Curiam.*

On November 8, 1987, plaintiff-appellee, Ronald M. Lester, was injured when an automobile in which he was a passenger collided with a Conrail train. Lester filed a claim with defendant-appellant, State Farm Mutual Automobile Insurance Company ("State Farm"), under the medical payment coverage provision of a policy issued to Lester's stepfather and mother, Eli M. Crowe and Norma Crowe. When State Farm denied the claim, Lester filed a complaint for declaratory relief and sought a judgment determining that he was an insured under the medical payment coverage provision of the State Farm policy. Lester further sought an order directing State Farm to submit his claims for medical payments under the terms of the policy and to honor such claims.

On November 7, 1988, State Farm moved for summary judgment on the basis of an exclusion in the policy which precluded coverage "while occupying or through being struck by a motor vehicle or trailer * * * that runs on rails or crawler-treads." Lester did not respond to State Farm's motion or file a counter-motion for summary judgment. Nevertheless, the trial court concluded that no genuine issue of fact existed and awarded summary judgment to Lester. The trial court concluded that the exclusionary language of the medical payment coverage provision was ambiguous and should be construed liberally in favor of the insured and strictly against the insurer. Accordingly, the court found that Lester was an insured under the policy and directed State Farm to submit Lester's claims for medical payments and to honor them with prompt payment. State Farm perfected the instant appeal and assigned error as follows:

"Assignment of Error No. 1

"The trial court erred to the prejudice of defendant-appellant when it granted summary judgment to the plaintiff-appellee *sua sponte.*"

"Assignment of Error No. 2

"The trial court erred in finding that the exclusionary language of the medical payment coverage provision is ambiguous and reasonably susceptible of more than one meaning and will be construed liberally in favor of the insured and strictly against the insurer."

"Assignment of Error No. 3

"The trial court erred in failing to apply the exclusionary language of the contract to the facts of the case as presented by the appellant."

Each of State Farm's assignments of error address the propriety of granting summary judgment to Lester under the circumstances of this case. Therefore, we have consolidated the assignments of error for review.

■ State Farm first argues that the trial court cannot award summary judgment to a non-moving party. This issue was specifically addressed in *State, ex rel. Cuyahoga Cty. Hosp., v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 27 OBR 442, 500 N.E.2d 1370, where the Ohio Supreme Court stated:

"While Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, *Marshall v. Aaron* (1984), 15 Ohio St.3d 48 [15 OBR 145, 472 N.E.2d 335], syllabus, an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law. *Houk v. Ross* (1973), 34 Ohio St.2d 77 [63 O.O.2d 119, 296 N.E.2d 266], paragraph one of the syllabus." *Id.* at 28, 27 OBR at 444, 500 N.E.2d at 1373.

In the present case, all relevant evidence was before the court and no genuine issue as to any material fact existed. Therefore, summary judgment in favor of the non-moving party, Lester, would be appropriate if Lester was entitled to judgment as a matter of law.

■ One of the most basic rules in the interpretation and construction of insurance contracts is that any ambiguous term or provision must be construed liberally in favor of the insured and strictly against the insurer. *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949, syllabus. Under such circumstances, any reasonable construction which results in coverage of the insured must be adopted by the trial court. *Sterling Merchandise Co. v. Hartford Ins. Co.* (1986), 30 Ohio App.3d 131, 137, 30 OBR 249, 255, 506 N.E.2d 1192, 1198.

■ The language at issue in the case at bar is an exclusion which reads:

"What Is Not Covered

"THERE IS NO COVERAGE:

" * * *

"2. WHILE *OCCUPYING* OR THROUGH BEING STRUCK BY ANY MOTOR VEHICLE OR TRAILER:

" * * *

"c. THAT RUNS ON RAILS OR CRAWLER–TREADS." (Emphasis *sic.*)

State Farm argues that the foregoing exclusion is applicable because Lester was struck by a train and a train is a "motor vehicle * * * that runs on rails." The trial court, however, found this language to be ambiguous and ruled in favor of the insured, Lester. We agree with the trial court's conclusion.

The term "motor vehicle" is not defined in the policy. Therefore, the applicable definition is that found in R.C. 4501.01(B). See *Metropolitan P. & L. Ins. Co. v. Kott* (1980), 62 Ohio St.2d 114, 16 O.O.3d 139, 403 N.E.2d 985. R.C. 4501.01(B) defines "motor vehicle" as "any vehicle * * propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires * * *." The term "vehicle" is defined in R.C. 4501.01(A) as "everything on wheels or runners, including motorized bicycles, but does not mean vehicles operated exclusively on rails or tracks * * *." Thus, under R.C. 4501.01, the term "motor vehicle" does not include a vehicle that runs exclusively on rails or tracks.

The policy at issue excludes coverage when an insured is struck by a "motor vehicle * * * that runs on rails." However, a motor vehicle, by definition, does not run on rails. Therefore, the policy language must be considered ambiguous and construed liberally in favor of the insured. *Faruque, supra.* As a train runs exclusively on rails, we find that it is not a "motor vehicle" as defined in R.C. 4501.01 and therefore does not fall within the exclusion asserted by State Farm. State Farm's assignments of error are overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

YOUNG, P.J., and KOEHLER, J., concur.

HENDRICKSON, J., concurs separately.

HENDRICKSON, Judge, concurring separately.

I agree with the result reached by the majority in this case. However, I must disagree with the reasoning used to reach that result. In determining

that the language of the policy is ambiguous, the majority states that "motor vehicle" is not defined in the policy and that the applicable definition is found in R.C. 4501.01. I believe it is inappropriate to resort to the statutory definition in this case.

In support of this proposition, the majority relies upon *Metropolitan P. & L. Ins. Co. v. Kott* (1980), 62 Ohio St.2d 114, 16 O.O.3d 139, 403 N.E.2d 985, in which the Ohio Supreme Court looked to the language of R.C. 4501.01 in determining that a snowmobile was a motor vehicle. However, in that case, the insured conceded that the policy itself excluded coverage for injuries sustained in a snowmobile. Instead, he contended that R.C. 3937.18, which sets forth the required coverage for uninsured motorists provisions included snowmobiles within the meaning of "motor vehicle" as used in that statute and that the statutory requirements were incorporated into the insurance contract. In construing the meaning of a term within a statute, a court will naturally resort to other statutory provisions defining the term. This is not the case here. We are not interpreting a term as used in a statute, but as used in an insurance policy.

It is well settled that, in insurance policies, words and phrases are to be given their plain and ordinary meaning. *Olmstead v. Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St.2d 212, 216, 51 O.O.2d 285, 288, 259 N.E.2d 123, 126; *New Amsterdam Cas. Co. v. Johnson* (1914), 91 Ohio St. 155, 158, 110 N.E. 475, 475. In construing the language of this policy, I believe we should resort to the plain, ordinary meaning of the words "motor vehicle," not a statutory definition. Webster's Third International Dictionary (1986) 1476, defines a "motor vehicle" as "an automotive vehicle not operated on rails; * * * one with rubber tires for use on highways." Thus, considering the plain and ordinary meaning of the words used, the exclusion in the policy of coverage for being struck by a "motor vehicle * * * that runs on rails * * * " is ambiguous. Therefore, I concur with the majority that the policy must be liberally construed in favor of the insured and agree to affirm the judgment of the trial court.