PERKINS, Appellee,

v.

**SCHNEIDER; Scottsdale Insurance Company, Appellant.**

[Cite as *Perkins v. Schneider* (1998), 128 Ohio App.3d 121.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 97CA006787.

Decided June 3, 1998.

*Michael F. Becker* and *Jeanne M. Tosti,* for appellee.

*John G. Peto,* for appellant Scottsdale Insurance Company.

QUILLIN, Presiding Judge.

Defendant-appellant Scottsdale Insurance Company appeals the judgment of the Lorain County Common Pleas Court finding that it had a duty to defend and indemnify defendant Charles Schneider in the underlying action. We affirm in part and reverse in part.

Defendant Schneider was a counselor employed by the Lorain County Council on Alcoholism and Drug Abuse ("LCCADA") when plaintiff-appellee Sherry G. Perkins came to LCCADA for treatment. Perkins was counseled by Schneider from approximately November 1, 1989 until June 15, 1990. In January 1990, Perkins and Schneider began to carry on a sexual relationship, and in July 1991, Perkins gave birth to Schneider's child. In February 1992, Perkins filed the underlying action against LCCADA and Schneider, alleging that as a direct and proximate result of Schneider's negligent failure to appropriately manage the "transference phenomenon," she had become personally attached to him and entered into the sexual relationship.

For the period between July 21, 1989 and July 21, 1990, LCCADA was covered by a liability insurance contract issued by Scottsdale Insurance Company ("Scottsdale"). While Scottsdale undertook to defend and indemnify LCCADA in the underlying action, it denied any duty to do so for Schneider. In May 1993, Perkins filed a declaratory judgment action seeking to establish Scottsdale's duty in relation to Schneider. Both Perkins and Scottsdale moved for summary judgment on the declaratory judgment action. In December 1996, the lower

court essentially granted Perkins's motion by finding that Schneider was an insured under the policy and that Scottsdale had a duty to defend and indemnify him. Scottsdale appeals this judgment, raising three assignments of error:

"I. The trial court erred in ruling that Scottsdale Insurance Company had a duty to indemnify Charles Schneider under a policy of insurance issued to Lorain County Council on Alcoholism and Drug Abuse.

"II. The trial court erred in its finding that Scottsdale Insurance has an obligation to defend Charles Schneider.

"III. The trial court erred in denying Scottsdale Insurance Company's motion for summary judgment."

From July 21, 1989 until July 21, 1990, LCCADA was covered under a Special Multi–Peril Policy ("SMP policy") of insurance issued by Scottsdale Insurance Company. The declaration page of that policy set forth the coverages and contractual terms of the policy. It indicated that the named insured was LCCADA and further provided a section listing the various forms and endorsements made a part of the SMP policy at the time of issue. This list of endorsements made a part of the SMP policy included a professional liability insurance endorsement and an additional insured endorsement. Each of these requires separate consideration.

Under the professional liability insurance endorsement, Scottsdale agreed that it would "pay on behalf of the INSURED all sums which the INSURED´ shall become legally obligated to pay as DAMAGES because of injury arising out of any negligent act, error or omission in rendering or failure to render professional services." (Emphasis *sic.*) Scottsdale also agreed to "defend any suit against the INSURED seeking DAMAGES to which this insurance applies." (Emphasis *sic.*) This endorsement defined "INSURED" as "the corporation so designated [as the NAMED INSURED in the Declarations] and any executive officer or director thereof while acting within the scope of his duties as such." As stated, the named insured on the declaration page was LCCADA.

Under the additional insured endorsement, Scottsdale agreed, with some exceptions not relevant here, that "the 'Persons Insured' provision is amended to include any employee of the named insured while acting within the scope of his duties as such." The following language was also included:

"This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following: COMPREHENSIVE GENERAL LIABILITY INSURANCE[;] MANUFACTURERS AND CONTRACTORS LIABILITY INSURANCE[;] OWNERS AND CONTRACTORS PROTECTIVE LIABILITY INSURANCE[;] OWNERS, LANDLORDS AND TENANTS LIABILITY INSURANCE[;] SMP LIABILITY INSURANCE[;] STOREKEEPERS INSURANCE[.]"

Scottsdale's argument proceeds as follows. The named insured on the declaration page of the SMP policy was LCCADA. The indemnity and defense provided under the professional liability insurance endorsement applied only to the named insured and any executive officer or director thereof. This would not include Schneider, who was merely an employee. The additional insured provision did not change the fact that Schneider was not covered under the professional liability insurance because the professional liability insurance was not a coverage specifically listed as modified by the additional insured provision. Therefore, Scottsdale argues that it has no duty to defend or indemnify Schneider in the action for professional negligence brought by Perkins. We disagree with Scottsdale's analysis.

Construction of a written contract is a matter of law. *Nationwide Ins. Co. v. Johnson* (1992), 84 Ohio App.3d 106, 108, 616 N.E.2d 525, 526–527. It is well settled that where provisions of an insurance contract are ambiguous and reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949, syllabus. "Under such circumstances, any reasonable construction which results in coverage of the insured must be adopted by the trial court." *Lester v. State Farm Mut. Auto. Ins. Co.* (1989), 64 Ohio App.3d 52, 54, 580 N.E.2d 793, 795.

In the case at bar, we conclude that under the terms of the contract, Schneider does qualify as an insured. If we were to find any ambiguity at all, we must construe the contract in favor of coverage so the result would be the same. The policy purchased by LCCADA was the SMP policy. The declaration page of this SMP policy stated that the professional liability insurance was an endorsement "made part of this policy at time of issue." The SMP policy was explicitly modified by the terms of the additional insured endorsement. The additional insured endorsement does not purport to except any part of the SMP policy from modification. We conclude, therefore, that the professional liability insurance, which was explicitly made part of the SMP policy, was modified as such by the additional insured endorsement. We find this interpretation a reasonable construction of the insurance contract that favors the insured, and we must, therefore, interpret it in this manner.

Having found, as we have, that Schneider was an insured under the professional liability insurance coverage, the lower court went on to conclude that Scottsdale "*thereby* has a duty to defend and indemnify Charles Schneider in this action." (Emphasis added.) The court apparently concluded that because Schneider was an insured under the policy, Scottsdale automatically had a duty to

indemnify and defend him. This conclusion, however, does not necessarily follow, and it is at this point that we believe a distinction must be drawn between the duty to defend and the duty to indemnify.

The additional insured provision, which we have found qualifies Schneider for professional liability coverage, does so only where the employee is "acting within the scope of his duties." However, the professional liability insurance endorsement provides that Scottsdale will defend any suit seeking professional liability damages "even if any of the allegations of the suit are groundless, false or fraudulent." We conclude, therefore, that Scottsdale is obligated to defend Schneider in any action that alleges professional liability, whether the allegations legitimately arise out of the scope of employment or not. We therefore affirm the lower court's finding that Scottsdale has a duty to defend Schneider in this action.

We do not reach the same conclusion with regard to indemnification. Unlike the duty to defend, the professional liability coverage does not require Scottsdale to pay damages arising out of groundless or false claims, but specifically provides for the payment of damages only for "injury arising out of any negligent act, error or omission in rendering or failure to render professional services." Both the additional insured and professional liability insurance endorsements, then, require that the damages claimed must legitimately arise out of the scope of employment before Scottsdale has any duty to indemnify. For this reason, we conclude that the lower court erred in finding that Scottsdale had a duty to indemnify Schneider by virtue of his status as an insured, without determining whether the alleged acts arose out of the course of employment. We find that the court's summary conclusion that Scottsdale had a duty to indemnify, without consideration of scope of employment, was in error, and we reverse the lower court's granting of summary judgment to Perkins on this issue.

For the reasons stated, we find that the lower court did not err in concluding that Schneider was an insured under the terms of the policy or in concluding that Scottsdale thereby had a duty to defend him in this suit alleging professional negligence. To this extent, Scottsdale's second and third assignments of error are not well taken, and the judgment of the lower court is affirmed. We find that the court did err, however, in concluding that Scottsdale had a duty to indemnify without ever considering whether the complaint alleged acts legitimately arising out of the scope of Schneider's employment. To this extent, Scottsdale's first assignment of error is sustained, and the judgment of the lower court is reversed.

*Judgment affirmed in part*
*and reversed in part.*

REECE and DICKINSON, JJ., concur.