OPINION
Appellant Bruce German appeals the decision of the Richland County Court of Common Pleas that found he is not entitled to underinsured motorist benefits under a homeowner's policy issued by State Farm Insurance Company ("State Farm"). The following facts give rise to this appeal. This case is the result of two separate automobile accidents that occurred approximately eighteen minutes apart on January 9, 1997. Appellant Bruce German was involved in both accidents. In the first accident, Christopher Wray negligently operated his motor vehicle causing a collision with appellant's motor vehicle. Thereafter, Bradley Kentosh negligently operated his motor vehicle and struck appellant's motor vehicle. Appellant received serious physical injuries as a result of these accidents. Thereafter, on September 2, 1997, appellant filed suit, in the Richland County Court of Common Pleas, against Christopher Wray and Bradley Kentosh for negligent operation of their motor vehicles. Appellant also brought suit against Cathy Wray for negligently entrusting her vehicle to Christopher Wray; Kostadin Bulakowski for dram shop liability for providing alcohol to Christopher Wray; Allstate Insurance Company for uninsured motorist benefits; Therm-O-Disk for health insurance benefits; Hartford Insurance Company for disability benefits; Ozark Insurance Company for disability benefits; and Appellee State Farm for underinsured motorist benefits. Appellant and State Farm filed cross-motions for summary judgment on March 31, 1998. Prior to and following the filing of his cross-motion for summary judgment, appellant dismissed the remaining defendants from this lawsuit. On May 21, 1998, the trial court filed its judgment entry granting State Farm's motion for summary judgment and denying appellant's motion for summary judgment. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND FINDING THAT NO UNINSURED OR UNDERINSURED MOTORIST COVERAGE WAS AVAILABLE TO APPELLANT UNDER THE STATE FARM POLICY IN QUESTION.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's assignment of error. I Appellant contends, in his sole assignment of error, that the homeowner's policy issued by State Farm qualifies as a motor vehicle liability policy and because Appellee State Farm failed to offer uninsured/underinsured motorist coverage when it issued the policy, appellant is entitled to this coverage by operation of law. We agree. Ohio's uninsured/underinsured motorist statute is contained in R.C. 3937.18(A) and provides, in pertinent part: (A) No automobile liability or motor vehicle policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:
 (1) Uninsured motorist coverage which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of the accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
Pursuant to the above language, uninsured/underinsured motorist coverage must be offered when an automobile liability or motor vehicle policy of insurance is issued for any motor vehicle registered or principally garaged in this state. In the case of Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, paragraphs one and two of the syllabus, the Ohio Supreme Court held that if uninsured/underinsured motorist coverage is not offered, it exists by operation of law, unless expressly rejected. It is undisputed, in the case sub judice, that uninsured/underinsured motorist coverage was not offered to appellant. Appellant focuses on the following language, in the policy, in support of his claim that appellee's policy is a motor vehicle liability policy: DEFINITIONS 6. "motor vehicle," when used in Section II of this policy, means: a. a motorized land vehicle designated for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured location is not a motor vehicle.
 b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration. A boat, camp, home or utility trailer not being towed by or carried on a vehicle included in 6.a. is not a motor vehicle.
 c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by an insured and designed for recreational use off public roads, while off an insured location. A motorized golf cart while used for golfing purposes is not a motor vehicle.
SECTION II — LIABILITY COVERAGES COVERAGE L — PERSONAL LIABILITY
COVERAGE M — MEDICAL PAYMENTS TO OTHERS
SECTION II — EXCLUSIONS
1. Coverage L and Coverage M do not apply to:
 e. bodily injury or property damage arising out of the ownership, maintenance, use, loading, or unloading of: * * *
 (2) a motor vehicle owned or operated by or rented or loaned to any insured; * * *
The language of the policy clearly excludes coverage for the operation of most motor vehicles, however, recreational vehicles while being used on the insured location do not fall within the exclusion. For purposes of Ohio's uninsured/underinsured motorist statute, the term "motor vehicle" is defined in R.C. 4501.01(B). Metropolitan P. L. Ins. Co. v. Kott (1980), 62 Ohio St.2d 114,155-116. Pursuant to this definition, "recreational vehicles" are included in the definition of "motor vehicles." Accordingly, we find, as a matter of law, appellee's homeowner's policy, which provides liability coverage for recreational vehicles, is a motor vehicle policy for purposes of Ohio's uninsured/underinsured motorist statute. Our conclusion is supported by the recent Ohio Supreme Court decision in Selander v. Erie Insurance Group (1999), 85 Ohio St.3d 541. The Selander case involves a Fivestar General Business Liability Policy issued by Erie Insurance Exchange to Twin Electric. Id. at 542. At the time of the accident giving rise to the claim in Selander, Glenn and Eugene Selander were electricians involved in a partnership known as Twin Electric. Id. at 541. As a result of the accident, Eugene Selander was killed and Glenn Selander was seriously injured. Id. The policy issued to Twin Electric, by Erie Insurance Exchange, contained protection limits of $1 million per occurrence and $2 million policy aggregate. Id. at 542. As a result of the accident, plaintiffs filed a claim for underinsured motorist benefits under the Fivestar General Business Liability Policy. Id. Erie Insurance Exchange refused to pay on the basis that the Fivestar policy did not provide automobile liability coverage or uninsured/underinsured motorist coverage. Id. Thereafter, plaintiffs filed a declaratory action seeking underinsured motorist benefits under the Fivestar policy. Id. The trial court granted summary judgment on plaintiff's behalf finding the Fivestar policy constituted an automobile or motor vehicle liability policy subject to Ohio's uninsured/underinsured motorist statute. Id. The Court of Appeals affirmed the trial court's decision. Id. The court of appeals found its judgment in conflict with a decision rendered by the Tenth District Court of Appeals in Mauler v. Westfield Ins. Co. (Sept. 28, 1989), Franklin App. Nos. 88AP-914 and 88AP-915, unreported, and therefore entered an order certifying a conflict. Id. The court of appeals certified the following question to the Ohio Supreme Court: `Do the provisions of R.C. 3937.18 apply to a policy of primary insurance which provides coverage for claims of liability arising out of the use of hired or non-owned automobiles, but is not issued for delivery with respect to some particular motor vehicle?' Id. The Ohio Supreme Court concluded the provisions of R.C. 3937.18 applied to the Fivestar General Business Liability Policy. Id. In reaching this conclusion, the Court first relied on the case of Speelman v. Motorists Mut. Ins. Co. (Dec. 22, 1995), Montgomery App. No. 15362, unreported. In so doing, the Court concluded that "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." Id. at 544, citing, Goettenmoeller v. Meridian Mut. Ins. Co. (June 25, 1996), Franklin App. No. 95APE11-1553, unreported; House v. State Auto. Mut. Ins. Co. (1988), 44 Ohio App.3d 12. Second, the Ohio Supreme Court determined that the fact that the Fivestar policy did not comply with Ohio's financial responsibility law, R.C. Chapter 4509, did not effect its status as an "automobile liability" or "motor vehicle liability" policy. In reaching this conclusion, the Court again relied on the Speelman case. The court, in Speelman, based its rationale on the decision in St. Paul Fire Marine Ins. Co. v. Gilmore (1991), 168 Ariz. 159, 812 P.2d 977. In the Gilmore case, the Arizona Supreme Court concluded "* * * that a comprehensive liability insurance policy that includes automobile liability coverage is an `automobile liability' or `motor vehicle liability' policy." Selander at 545. The Arizona Supreme Court reached this conclusion even though the policy did not meet the requirements of Arizona's financial responsibility law. Id. The Court explained, in Gilmore: [T]he type of policy is determined by the type of coverage provided, not by the label affixed by the insurer. Otherwise, it would be a simple matter for insurers to evade the requirements of Arizona law by changing the title of the policy. * * * Therefore, the fact that [the] policy is labeled as a comprehensive general liability policy does not mean it is not also an automobile liability policy under the [Uninsured Motorist Act]." Selander at 545, citing Gilmore at 165, 812 P.2d at 983. Finally, Erie Insurance Exchange asserted that the Fivestar policy was never intended to provide uninsured/underinsured motorist coverage which was evidenced by the fact that the Selanders obtained uninsured/underinsured motorist coverage through Erie's Pioneer Commercial Automobile policy. The Court did not accept this argument and instead found that the fact that the Selanders obtained uninsured/underinsured coverage through a separate policy in no way indicates that they did not intend to obtain additional coverage under the Fivestar policy. Selander at 546. Based on the above analysis, we find appellant is entitled to underinsured motorist coverage, by operation of law, under the homeowner's policy issued by Appellee State Farm. The policy at issue offered limited coverage in that it covered recreational vehicles which, under the Ohio Revised Code, are "motor vehicles." Therefore, since the homeowner's policy provides coverage for recreational vehicles, Appellee State Farm was required to offer to appellant uninsured/underinsured motorist coverage. Having failed to do so, appellant is entitled to underinsured motorist coverage by operation of law. Appellant's sole assignment of error is affirmed.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, P.J. Farmer, J. and Edwards, J., concur.