OPINION
Appellant Sean Willis appeals the decision of the Fairfield County Court of Common Pleas finding that he was not entitled to underinsured motorist benefits under a homeowner's policy issued by Appellee Lightning Rod Mutual Insurance Company ("Lightning Rod"). On June 11, 1997, while operating his 1986 Chevrolet Blazer in Pickaway County, Ohio, appellant suffered injuries in an automobile accident caused by the negligence of Robert Hollis, who was covered by a policy of liability insurance issued by Westfield Insurance Company ("Westfield"). Subsequent to the the filing of the lawsuit discussed infra, Westfield paid its policy limits of $50,000 plus the medical payments policy limits of $5,000 in exchange for a full release of Hollis from further liability. As of the date of the automobile collision, appellant was a named insured under an automobile liability insurance policy issued to him by Western Reserve Mutual Insurance Company. The Chevrolet Blazer was the specific vehicle insured in the Western Reserve Mutual automobile policy, which set the limits of liability at $25,000 per person. The limits of liability under the Hollis policy issued by Westfield were greater than the limits of the uninsured/underinsured coverage under appellant's Western Reserve Mutual automobile policy; therefore, the parties agreed that appellant was not entitled to recover any uninsured/underinsured benefits under his auto policy. However, as of the date of the collision, appellant, as a resident of his parents' household, was also an insured under a Lightning Rod homeowner's policy, which provided limits of bodily injury liability coverage in the amount of $300,000 per occurrence. On November 6, 1997, appellant filed suit, seeking money damages and a declaration of rights under the aforesaid policies. On December 8, 1998, appellant filed an amended motion for summary judgment as to Appellee Lightning Rod on the issue of whether he was entitled to uninsured/underinsured motorist coverage under the homeowner's policy. On December 9, 1998, Appellee Lightning Rod filed a cross-motion for summary judgment and a memorandum contra appellant's summary judgment motion, urging that it had no obligation to provide said uninsured/underinsured coverage. The trial court issued a decision on February 19, 1999, granting summary judgment in favor of appellee, and denying appellant's motion for summary judgment. Appellant timely appealed and herein raises the following sole Assignment of Error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's assignment of error. I. Appellant contends that the homeowner's policy issued by Lightning Rod qualifies as a motor vehicle liability policy and because appellee failed to offer uninsured/underinsured motorist coverage when it issued the policy, appellant is entitled to this coverage by operation of law. We agree. Ohio's uninsured/underinsured motorist statute, contained in R.C.3937.18(A), as written at the time of the aforesaid collision, provided, in pertinent part: "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
* * * "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. * * *. * * * Pursuant to the above language, uninsured/underinsured motorist coverage must be offered when an automobile liability or motor vehicle policy of insurance is issued for any motor vehicle registered or principally garaged in this state. In the case of Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, paragraphs one and two of the syllabus, the Ohio Supreme Court held that if uninsured/underinsured motorist coverage is not offered, it exists by operation of law, unless expressly rejected. It is undisputed, in the case sub judice, that uninsured/underinsured motorist coverage was not offered to appellant under the homeowner's policy. Appellant focuses on certain language in the policy in support of his claim that appellee's policy is a motor vehicle liability policy. The policy generally excludes liability arising out of the use of motor vehicles as follows: 1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to "bodily injury" or "property damage":
* * *
f. Arising out of:
 1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";
 2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or
 3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
This exclusion does not apply to:
 1) A trailer not towed by or carried on a motorized land conveyance.
 2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
a) Not owned by an "insured"; or
b) Owned by an "insured" and on an "insured location";
 3) A motorized golf cart when used to play golf on a golf course;
 4) A vehicle or conveyance not subject to motor vehicle registration which is:
a) Used to service an "insured's" residence;
b) Designed for assisting the handicapped; or
c) In dead storage on an "insured location";
The language of the policy thus excludes coverage for the operation of most motor vehicles; however, recreational "motorized land conveyances" while being used on the insured location do not fall within the exclusion. For purposes of Ohio's uninsured/underinsured motorist statute, the term "motor vehicle" is defined in R.C. 4501.01(B). Metropolitan P. L. Ins. Co. v. Kott (1980), 62 Ohio St.2d 114, 115-116. Pursuant to this definition, recreational motorized land conveyances are included in the definition of "motor vehicles." Accordingly, we find, as a matter of law, appellee's homeowner's policy, which provides liability coverage for certain recreational motorized land conveyances, is a "motor vehicle" policy for purposes of Ohio's uninsured/underinsured motorist statute. Our conclusion is supported by the recent Ohio Supreme Court decision in Selander v. Erie Insurance Group (1999), 85 Ohio St.3d 541. The Selander case involves a Fivestar General Business Liability Policy issued by Erie Insurance Exchange to Twin Electric. Id. at 542. At the time of the accident giving rise to the claim in Selander, Glenn and Eugene Selander were electricians involved in a partnership known as Twin Electric. Id. at 541. As a result of the accident, Eugene Selander was killed and Glenn Selander was seriously injured. Id. The policy issued to Twin Electric, by Erie Insurance Exchange, contained protection limits of $1 million per occurrence and $2 million policy aggregate. Id. at 542. As a result of the accident, plaintiffs filed a claim for underinsured motorist benefits under the Fivestar General Business Liability Policy. Id. Erie Insurance Exchange refused to pay on the basis that the Fivestar policy did not provide automobile liability coverage or uninsured/underinsured motorist coverage. Id. Thereafter, plaintiffs filed a declaratory action seeking underinsured motorist benefits under the Fivestar policy. Id. The trial court granted summary judgment on plaintiff's behalf finding the Fivestar policy constituted an automobile or motor vehicle liability policy subject to Ohio's uninsured/underinsured motorist statute. Id. The Court of Appeals affirmed the trial court's decision. Id. The court of appeals found its judgment in conflict with a decision rendered by the Tenth District Court of Appeals in Mauler v. Westfield Ins. Co. (Sept. 28, 1989), Franklin App. Nos. 88AP-914 and 88AP-915, unreported, and therefore entered an order certifying a conflict. Id. The court of appeals certified the following question to the Ohio Supreme Court: `Do the provisions of R.C. 3937.18 apply to a policy of primary insurance which provides coverage for claims of liability arising out of the use of hired or non-owned automobiles, but is not issued for delivery with respect to some particular motor vehicle?' Id. The Ohio Supreme Court concluded the provisions of R.C. 3937.18 applied to the Fivestar General Business Liability Policy. Id. In reaching this conclusion, the Court first relied on the case of Speelman v. Motorists Mut. Ins. Co. (Dec. 22, 1995), Montgomery App. No. 15362, unreported. In so doing, the Court concluded that "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." (Emphasis added.) Id. at 544, citing, Goettenmoeller v. Meridian Mut. Ins. Co. (June 25, 1996), Franklin App. No. 95APE11-1553, unreported; House v. State Auto. Mut. Ins. Co. (1988), 44 Ohio App.3d 12. Second, the Ohio Supreme Court determined that the fact that the Fivestar policy did not comply with Ohio's financial responsibility law, R.C. Chapter 4509, did not effect its status as an "automobile liability" or "motor vehicle liability" policy. In reaching this conclusion, the Court again relied on the Speelman case. The Speelman opinion based its rationale on the decision in St. Paul Fire Marine Ins. Co. v. Gilmore (1991),168 Ariz. 159, 812 P.2d 977. In the Gilmore case, the Arizona Supreme Court concluded "* * * that a comprehensive liability insurance policy that includes automobile liability coverage is an `automobile liability' or `motor vehicle liability' policy." Selander at 545. The Arizona Supreme Court reached this conclusion even though the policy did not meet the requirements of Arizona's financial responsibility law. Id. The Gilmore Court explained: [T]he type of policy is determined by the type of coverage provided, not by the label affixed by the insurer. Otherwise, it would be a simple matter for insurers to evade the requirements of Arizona law by changing the title of the policy. * * * Therefore, the fact that [the] policy is labeled as a comprehensive general liability policy does not mean it is not also an automobile liability policy under the [Uninsured Motorist Act]." Selander at 545, citing Gilmore at 165, 812 P.2d at 983.
Finally, Erie Insurance Exchange asserted that the Fivestar policy was never intended to provide uninsured/underinsured motorist coverage which was evidenced by the fact that the Selanders obtained uninsured/underinsured motorist coverage through Erie's Pioneer Commercial Automobile policy. The Court did not accept this argument and instead found that the fact that the Selanders obtained uninsured/underinsured coverage through a separate policy in no way indicates that they did not intend to obtain additional coverage under the Fivestar policy. Selander at 546. Based on the above analysis, we find appellant is entitled to underinsured motorist coverage, by operation of law, under the Lightning Rod homeowner's policy issued by appellee. The policy at issue in this matter offered limited coverage in that it covered, under certain circumstances, recreational motorized land conveyances, which are "motor vehicles" under the Ohio Revised Code. Therefore, since the homeowner's policy provides coverage for such vehicles, appellee was required to offer to appellant uninsured/underinsured motorist coverage. Having failed to do so, appellant is entitled to underinsured motorist coverage by operation of law. Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, P.J. Farmer, J., and Edwards, J., concur.