OPINION
Plaintiffs-appellants Steven W. Myers and Ruth Myers appeal from the June 16, 1999, Judgment Entry of the Licking County Court of Common Pleas granting summary judgment in favor of defendant-appellee Safeco Insurance Company while denying plaintiffs appellants' Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE
On August 30, 1997, appellant Steven W. Myers was involved in a motor vehicle accident with Edna L. Derr in Licking County. At the time of the accident, appellant and his wife, appellant Ruth Myers, were insureds under a homeowner's insurance policy (Policy No. OK352448) issued by appellee Safeco Insurance Company. Appellant and his wife, on November 10, 1998, filed a complaint against appellee in the Licking County Court of Common Pleas, seeking a "declaratory judgment that the Safeco Insurance Company policy provides underinsurance as a matter of law." An answer and counterclaim for declaratory judgment were filed by appellee on December 4, 1998. Appellants filed a reply to appellee's counterclaim five days later. Stipulations of fact were filed by the parties on April 5, 1999. The parties, "[f]or the sole purpose of determining the insurance coverage issues set forth in this action," stipulated to the following facts: 1. On or about August 30, 1997, on State Route 79 in Licking County, Ohio, Plaintiff Steven W. Myers was involved in a motor vehicle collision with Edna L. Derr. 2. The crash was caused by the negligence of Edna L. Derr, and at the time of the crash, Edna Derr was covered by an automobile liability policy of insurance issued by State Farm Mutual Insurance Company in the amount of $50,000.00 per person/$100,000.00 per accident. 3. Steven W. Myers and his wife, Ruth Myers also qualified for underinsured motorist coverage under the terms and conditions of a policy issued by Progressive Insurance company in the amount of $100,000.00. Steven W. Myers and Ruth Myers released all claims against Edna L. Derr and her insurer in exchange for a payment of $75,000.00, and settled their underinsured motorist claim with Progressive in exchange for a payment of $50,000.00. 4. Steven W. Myers and Ruth Myers did not seek or receive the consent or permission of Safeco Insurance Company of America to release all claims against Edna L. Derr. 5. On August 30, 1997, Steven W. Myers and Ruth Myers were also insured [sic] under the terms of a homeowner's policy issued by Safeco Insurance Company of America, Policy No. OK352448. The homeowner's policy contains limits of personal liability coverage in the amount of $100,000.00 for each occurrence 6. The homeowner's policy renewal period which was in effect at the time of the crash in question was January 14, 1997, to January 14, 1998. 7. For the purpose of resolving only the coverage issues in the present action, the parties stipulate that the value of the claims being asserted in connection with the personal injury claim of Steven W. Myers exceed $125,000.00. 8. Steven W. and Ruth Myers claim that they are entitled to underinsured motorist benefits under the Safeco Homeowner's Policy at issue for their damages for personal injuries from the motor vehicle accident in question. Safeco Insurance Company of America disputes, and specifically denies, that the homeowner's policy provides automobile liability coverage, motor vehicle liability coverage and/or uninsured/underinsured motorist coverage. 9. When the homeowner's policy at issue was sold, Safeco Insurance Company of America did not offer uninsured/underinsured motorist coverage, nor was such coverage rejected by Steven W. and Ruth Myers.
The homeowner's insurance policy (Policy No. OK352448) issued by appellee Safeco to appellants provides, in relevant part, as follows:
OHIO QUALITY-PLUS HOMEOWNERS POLICY
 * * * SECTION II — LIABILITY COVERAGES COVERAGE E — PERSONAL LIABILITY
 If a claim is made or a suit brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will: 1. pay up to our limit of liability for the damages for which the insured is legally liable; and 2. provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may make any investigation and settle any claim or suit that we decide is appropriate.
SECTION II — EXCLUSIONS
 1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
 e. arising out of the ownership, maintenance, use, loading or unloading of:
 . . . (2)(a) motor vehicles or all other motorized land conveyances, including any trailers, owned or operated by or rented or loaned to any insured; or
 (b) entrustment by any insured of a motor vehicle or any other motorized land conveyance to any person.
This exclusion does not apply to:
 (a) a trailer not towed by or carried on a motorized land conveyance;
 (b) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and owned by any insured, while on an insured location;
(c) a motorized golf cart; or
 (d) a motorized land conveyance designed for assisting the handicapped or for the maintenance of an insured location, which is:
 i. not designed for travel on public roads; and ii. is not subject to motor vehicle registration.
Both parties filed motions for summary judgment on April 15, 1999. While appellants filed a memorandum in opposition to appellee's motion for summary judgment on April 30, 1999, appellee filed a response to appellants' motion for summary judgment on May 3, 1999. Pursuant to a Memorandum of Decision filed on June 8, 1999, the trial court granted appellee's motion for summary judgment while denying that filed by appellants. The trial court, in its June 8, 1999, decision, specifically held that summary judgment should be granted to appellee for the following reasons: "Plaintiff [appellant] . . . cannot demonstrate the homeowner's policy at issue is a motor vehicle liability policy because, 1) the policy does not identify by explicit description the motor vehicles registered in Ohio to be insured under the policy; 2) the policy does not identify the specific persons to be insured as drivers of those motor vehicles; and 3) the policy does not pass the statutory threshold needed to represent financial responsibility on behalf of the insured."
A Judgment Entry incorporating the June 8, 1999, Memorandum of Decision was filed on June 16, 1999. It is from the from the June 16, 1999, Judgment Entry that appellants prosecute their appeal, raising the following assignment of error:
 THE LOWER COURT COMMITTED REVERSIBLE ERROR IN FINDING AS A MATTER OF LAW THAT THE SUBJECT SAFECO INSURANCE POLICY IS NOT A MOTOR VEHICLE LIABILITY POLICY AND DOES NOT PROVIDE UNDERINSURED MOTORIST COVERAGE (UDM) BY OPERATION OF LAW.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(c) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellants' assignment of error. I Appellants, in their sole assignment of error, maintain that the trial court erred in finding that the homeowner's policy issued by appellee Safeco to appellants (Policy No. OK352448) does not qualify as a motor vehicle liability policy. Appellants further contend that not only does such policy qualify as a motor vehicle liability policy, but also that appellants are entitled to uninsured/underinsured coverage by operation of law since appellee failed to offer such coverage when it issued the policy to appellants. We concur. Ohio's uninsured/underinsured motorist statute, contained in R.C. 3937.18(A), as written at the time of the aforesaid collision, provided, in pertinent part: "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
 "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
 * * * "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. * * *.
Pursuant to the above language, uninsured/underinsured motorist coverage must be offered when an automobile liability or motor vehicle policy of insurance is issued for any motor vehicle registered or principally garaged in this state. In the case of Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, paragraphs one and two of the syllabus, the Ohio Supreme Court held that if uninsured/underinsured motorist coverage is not offered, it exists by operation of law, unless expressly rejected. As is stated above, the parties in this matter have stipulated that "[w]hen the homeowner's policy at issue was sold [by Safeco], Safeco Insurance Company of America did not offer uninsured/underinsured motorist coverage, nor was such coverage rejected by Steven W. and Ruth Myers." Thus, it is undisputed in the case sub judice that uninsured/underinsured motorist coverage was not offered to appellants under the Safeco homeowner's insurance policy. The homeowner's policy issued by appellee to appellants in this case, which is cited above in relevant part, generally excludes liability arising out of the use of motor vehicles. This court previously, in interpreting almost identical language in Willis v. Lightning Rod Mutual Ins. Co. (Sept. 27, 1999), Fairfield App. No. 99CA14, unreported, specifically held as follows: "The language of the policy thus excludes coverage for the operation of most motor vehicles; however, recreational "motorized land conveyances" while being used on the insured location do not fall within the exclusion. For purposes of Ohio's uninsured/underinsured motorist statute, the term "motor vehicle" is defined in R.C. 4501.01(B). Metropolitan P. L. Ins. Co. v. Kott (1980), 62 Ohio St.2d 114, 115-116, 403 N.E.2d 985. Pursuant to this definition, recreational motorized land conveyances are included in the definition of "motor vehicles." Accordingly, we find, as a matter of law, appellee's homeowner's policy, which provides liability coverage for certain recreational motorized land conveyances, is a "motor vehicle" policy for purposes of Ohio's uninsured/underinsured motorist statute."
As this court noted in Willis, supra, our holding is supported by the recent Ohio Supreme Court case of Selander v. Erie Ins. Grp. (1999), 85 Ohio St.3d 541. The Supreme Court, in Selander, specifically concluded that "[w]here motor vehicle liability coverage is provided, even in limited form [Emphasis added.], uninsured/underinsured coverage must be provided." Id. at 544 In Selander, the fact that a general business liability policy provided liability coverage for non-owned and hired motor vehicles was deemed sufficient "to satisfy the requirement of R.C. 3937.18
that a motor vehicle liability policy be delivered in this state with respect to any motor vehicle registered or principally garaged in this state." Id. at 545. Based on the foregoing, we find that appellants were entitled to underinsured motorist coverage, by operation of law, under the homeowner's policy issued by appellee Safeco to appellants. The Safeco policy offered limited motor vehicle coverage since it covered, under specified circumstances, recreational motorized land conveyances which are "motor vehicles" as such term is defined by R.C. 4501.01(B). Accordingly, since the homeowner's policy issued by appellee to appellants provides coverage for such vehicles, appellee was required to offer uninsured/underinsured motorist coverage to appellants. Since appellee failed to do so, appellants are entitled to underinsured motorist coverage by operation of law under the homeowner's policy issued by appellee. See Abate, supra. The next issue for determination is whether, as appellee alleges, appellants are barred from recovery under the Safeco policy for destroying Safeco's right to subrogation against the tortfeasor, Edna Derr. The homeowner's insurance policy issued by appellee to appellant specifically provides as follows:
Section I and Section II — Conditions
 7. Subrogation. Any insured may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.
If an assignment is sought, the insured shall sign and deliver all related papers and cooperate with us in any reasonable manner.
As is stated above, the parties in this case stipulated that appellants never sought nor received appellee's consent before releasing all claims against Edna L. Derr, the tortfeasor. Appellee now contends that since it never had the opportunity to exercise its right under the homeowner's insurance policy to request an assignment of appellant's rights of recovery against Derr, its right of subrogation has been destroyed by appellants. The court in Demetry v. Kim (1991), 72 Ohio App.3d 692, rejected the concept that exclusionary provisions contained in a business liability policy applied to underinsured motorist coverage that, as in the case sub judice, was implied as a matter of law. As noted by the court in Demetry, "[t]he parties never intended underinsured coverage to be provided by the [business liability] policy. As such, there could be no negotiated exclusions intended to be implied to the underinsured coverage." Id. at 698. The court further noted that "there is nothing, absent clear language evidencing an intent to do so, to prevent uninsured/underinsured coverage from being broader than liability coverage." Id. Likewise, in the case sub judice, there was no language evidencing an intent to have the exclusionary provisions contained in the Safeco homeowner's policy issued to appellants apply to underinsured motorist coverage. The parties in the case sub judice never intended underinsured coverage to be provided under the Safeco policy in the first place. "As such, there could be no negotiated exclusions intended to be implied to the underinsured coverage." Id. at 698. For the foregoing reasons, we find that appellants were entitled to underinsured motorist coverage under the Safeco homeowner's policy by operation of law. We further find that appellants are not barred from recovery for failing to protect appellee's subrogation rights against Edna Derr, the tortfeasor. Appellants' sole assignment of error is, therefore, sustained.
The Judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded for further proceedings in accordance with this opinion.
 _______________________________ EDWARDS, J.
WISE, P.J. and READER, V.J. CONCUR.